## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **IN RE:** | * | |
| | * | |
| **JEANNINE M. WAYSON** | * | **Case Number 13-15841** |
| | * | **Chapter 13** |
| **Debtor** | * | |
| | * | |

## AMENDED PLAN OF REORGANIZATION

**JEANNINE M. WAYSON.**, Debtor herein, pursuant to Chapter 11 of the United States Bankruptcy Code, hereby proposes the following Plan of Reorganization for the compromise, extension and settlement of HER debts.

## ARTICLE I

## DEFINITIONS

For purposes of this Plan of Reorganization, the following terms shall have the following meanings unless the context clearly requires otherwise:

1.1  Debtor:  The estate of JEANNINE M. WAYSON**.**

1.2  Bar Date:  That date fixed by the United States Bankruptcy Court for the District of Maryland pursuant to Bankruptcy Rule 3003(c)(3).

1.3  Confirmation:  Entry by the Court of an order confirming the Plan at or after a hearing pursuant to Section 1129 of the Bankruptcy Code.

1.4  Administrative Claim:  Any claim, including but not limited to claims for compensation of professionals, and claims entitled to administrative priority pursuant to Section 507(a)(1) of the Bankruptcy Code, including quarterly fees due the United States Trustee,

1

pursuant to 28 U.S.C., Section 1930(a)(6).

    1.5  Creditor:  Any person or entity having a claim against the Debtor.

    1.6  Creditor's Committee:  That committee appointed in the proceedings by the United States Trustee pursuant to Section 1102(a) of the Bankruptcy Code.[1]

    1.7  Plan:  This Plan of Reorganization including any modifications or corrections.

    1.8  Priority Claim:  Any claim entitled to priority pursuant to Section 507(a) of the Bankruptcy Code other than a tax claim or an administrative claim.

    1.9  Secured Claim:  Any claim, other than a tax claim, secured by property of the Debtors to the extent of the value of the collateral.

    1.10  Tax Claim:  Any claim entitled to priority treatment pursuant to Section 507(a)(7) of the Bankruptcy Code.

    1.11  Court:  The United States Bankruptcy Court for the District of Maryland.

## ARTICLE II

## GENERAL TERMS AND CONDITIONS

The following terms and conditions apply to this Plan of Reorganization:

    2.1  Claims:  Various types of claims are defined in this Plan.  This Plan is intended to deal with all claims against the Debtor of whatever character whether or not contingent or liquidated, and whether or not allowed by the Court pursuant to Section 502(a) of the Bankruptcy Code.

    2.2  Effective Date:  The effective date of this Plan, as the term is used in this Plan, is the date that the Order of Confirmation becomes final and is no longer subject to review or appeal.

---

[1]  No creditors' committee has been formed in this case.

2.3  Modifications to Plan:  This Plan may be modified upon application of the Debtor or corrected prior to confirmation without notice and hearing and without additional disclosure pursuant to Section 1125 of the Bankruptcy Code, provided that, after notice to the United States Trustee and any Creditors' Committee appointed in this case, the Court finds that such modification does not materially or adversely affect any creditor or class of creditors.

## ARTICLE III

### DIVISION OF CREDITORS INTO CLASSES

3.1          Class I:          Secured Claim of Wells Fargo Home Mortgage, secured by Debtor's residence.

3.2          Class II:         Unsecured Claim of CitiBank, Inc.

3.3          Class III:        Secured Claim of Wells Fargo Bank, N.A., secured by condominium

3.4          Class IV:         General Unsecured Creditors.

3.5          Class V:          Unsecured Priority Creditors

## ARTICLE IV

### IMPAIRMENT OF CLASSES

4.1  Classes I, II, IV and V are impaired.

4.2  Class III is unimpaired.

## ARTICLE V

### PAYMENT OF CLAIMS

Class I is the claim of Wells Fargo Home Mortgage. The Debtor will pay this debt by re-amortizing the loan over a thirty year period and paying the creditor the amount of $1,100,000.00 $1,129,339.68 with interest at the market rate of Four and one-half percent per annum as of the

3

effective date of the plan.  The payment amount may change due to a change in the required escrow amount per note and deed of trust.

Class II consists of the unsecured claim of CitiBank, N.A.  This claim will be paid in one payment of $50,000.00 one-hundred-eighty days after the effective date of the Plan.

Class III consists of the claim of Wells Fargo Bank, N.A.  This creditor is current and will be paid in accordance with the contract.

Class IV consists of the claims of all general unsecured creditors. All general unsecured claims will be paid pro rata at the rate of $500.00 per month until paid in full.

Class V consists of the claims of all unsecured priority creditors.  All unsecured priority creditors will be paid pro rate at the rate of $1,000.00 per month until paid in full.

Additionally, unclassified claims of the administrative claims consisting of fees due the United States Trustee, court costs, fees for accounting services and the fees of the attorneys who have provided legal services in connection with this case.  It also consists of the expenses necessary to operate the business, such as payments to the utility companies and the insurance company.  The administrative creditors, other than the attorneys, shall receive cash equal to the value of their claim within sixty days after the effective date of this Plan.  The fees for legal services in connection with this case are presently estimated at $10,000.00.  The Debtor is being billed at the rate of $300.00 per hour.  These fees will be paid in full upon approval by the Bankruptcy Court.

The unclassified claims of the priority taxes shall be paid in full within thirty days after

the effective date of the Plan.

## ARTICLE VI

## IMPLEMENTATION

The funding for the Plan of Reorganization is based upon the future earnings of the Debtor as a licensed real estate agent..

## ARTICLE VII

## EXECUTORY CONTRACTS

The Debtor has no executory contracts.

## ARTICLE VIII

## DISCHARGE

The settlement and compromise of all claims whether impaired or not impaired, allowed or disallowed, or whether a creditor files a proof of claim or not under this Plan shall constitute a full discharge and satisfaction of all such debts, obligations and liabilities owed by the Debtor and anyone else liable for the obligations whether pursuant to contract or law.  The Debtor reserves the right to object to any claim which it deems improper.

## ARTICLE IX

## POST-CONFIRMATION MATTERS

Upon confirmation of this Plan, the Debtor shall retain all of its property except as otherwise provided herein, and shall be free to conduct and operate its affairs without restriction and to use, sell, or dispose of its property in any manner not inconsistent with this Plan or its confirmation.  In addition, the Debtor reserves the right to incur new debt where the incurring of such debt does not impair Debtor's ability to make payments under this Plan.

5

Debtor reserves the right to accelerate payments under this Plan as provided for herein and to compromise claims in exchange for quicker pay-off.

Debtor reserves the right to seek alterations of or modifications to this Plan in accordance with Section 1127 of the Bankruptcy Code and the applicable Rules of Bankruptcy Procedure.

## ARTICLE X

## RETENTION OF JURISDICTION

10.1  The Court shall retain jurisdiction over these proceedings after confirmation for the following purposes:

10.1.1  To hear and determine objections to claims.

10.1.2  To hear and determine causes of action by or against the Debtors arising prior to the commencement of or during the pendency of these proceedings.

10.1.3  To hear and determine any dispute arising under this Plan.

10.1.4  To enforce all discharge provisions under this Plan.

10.1.5  To hear and decide any requests by Debtors for modification of the Plan.

10.1.6   In addition, and at any time, the Court may enter such orders to give such direction as may be appropriate under Section 1142 of the Bankruptcy Code.

Respectfully submitted,

Jeannine M. Wayson
By counsel


 /s/ Geri Lyons Chase
Geri Lyons Chase, Esq.
Federal Bar Number 09275
Law Office of Geri Lyons Chase
2007 Tidewater Colony Drive, Suite 2A
Annapolis MD 21401

6

410-573-9004
gerichase@verizon.net